[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-13357

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ARTURO ACEVEDO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:19-cr-00311-TWT-CCB-3

_____

Before ROSENBAUM, BRANCH, and GRANT, Circuit Judges.

PER CURIAM:

Arturo Acevedo appeals his total 168-month sentence for two drug-related convictions. He argues that his sentence is substantively unreasonable because the district court failed to consider relevant sentencing factors that were due significant weight, including his lack of criminal history, that his codefendants were his older brothers, and that his brothers received lower sentences for the same offenses. He also argues that the district court committed a clear error in judgment by weighing the sentencing factors unreasonably. After review, we affirm.

## I.    Background

In 2019, a federal grand jury indicted Acevedo and his two brothers, Alejandro Salazar-Gama and Miguel Salazar-Gama, on one count of conspiracy to possess with intent to distribute 50 grams or more of methamphetamine and one count of possession with intent to distribute 50 grams or more of methamphetamine. The charges stemmed from an undercover drug bust. Specifically, a confidential source arranged for the purchase of 50 kilograms of methamphetamine at a Dunkin' Donuts in Smyrna, Georgia. An undercover officer, posing as a buyer, asked Alejandro to see the drugs. Alejandro made a phone call, and a van arrived, driven by Acevedo with Miguel as a passenger. The van contained two sealed boxes containing Ziploc bags with almost 40 kilograms of

100% pure methamphetamine.  Acevedo pleaded guilty, without a plea agreement.

Both counts carried a statutory minimum of 10 years' imprisonment and a statutory maximum of life.  Acevedo's guidelines range was 168 to 210 months' imprisonment.

At sentencing, Acevedo requested the statutory minimum of 120 months' imprisonment, arguing that he should receive a below-guidelines sentence because he was only 22 years old and was the youngest of the three brothers, had no criminal history, and had dropped out of high school so that he could work to help support his family, and he also suffered from a history of substance and alcohol abuse.[1]  He argued that he accepted responsibility and was safety-valve eligible, although he declined to cooperate because he feared for his family.  Acevedo asserted that, to avoid a sentence disparity, he should receive a sentence between that of Alejandro, who was the principal negotiator and received 138 months' imprisonment, and Miguel, who had not been sentenced, but who faced a maximum reduced sentence of 60 months.

---

[1] Acevedo also argued for a minor-role reduction, asserting that he was just a driver and that his brothers were the primary facilitators of the transaction. The district court denied his request, explaining that Acevedo was the driver of the van that delivered the almost 40 kilograms of methamphetamine, which was "an extraordinary quantity."  The district court explained that it could not "imagine any drug trafficker entrusting that quantity of drugs to someone who wasn't intimately involved in the trafficking operation."  Acevedo does not challenge the district court's denial of the minor-role reduction on appeal.

The government argued that a 168-month sentence was warranted based on the "extraordinarily large quantity of drugs" involved and because Acevedo was the driver and "a full participant" in the transaction. The government stated that Acevedo's case was distinguishable from his brothers', noting that Alejandro entered into a plea agreement with the government, which included a sentencing reduction, while Acevedo did not, and that Miguel's sentence was reduced due to "some evidentiary issues or problems that the Government had at trial."

The district court sentenced Acevedo to concurrent terms of 168 months' imprisonment at the low-end of the guidelines range, followed by concurrent terms of five years' supervised release. The district court explained that it considered the 18 U.S.C. § 3553(a) factors, and that the sentence "serve[d] the statutory sentencing purposes of deterrence, public protection and rehabilitation," while also accounting for Acevedo's lack of criminal history and the large quantity of drugs involved. The district court explained that a downward departure below the guidelines was inappropriate because of the "extraordinary quantity of drugs involved, and the differences in culpability and responsibility between Acevedo and his co-Defendants." Acevedo objected to the sentence as "unreasonably excessive." Acevedo timely appealed.

## II.    Discussion

Acevedo argues that his sentence is substantively unreasonable because the district court failed to consider relevant

factors that were due significant weight, including his lack of criminal history, that his codefendants were his older brothers, and that his brothers received lower sentences for the same offenses, resulting in an unwarranted sentencing disparity. He also argues that the district court committed a clear error in judgment by weighing the proper factors unreasonably, and by finding that he was similarly culpable to his brothers, but then imposing a harsher sentence.

We review a sentence for substantive reasonableness under a deferential abuse of discretion standard, asking whether a sentence is substantively reasonable in light of the totality of the circumstances. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The district court must issue a sentence that is "sufficient, but not greater than necessary" to comply with the purposes of 18 U.S.C. § 3553(a)(2), which include the need for a sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, deter criminal conduct, and protect the public from future criminal conduct. 18 U.S.C. § 3553(a). The court must also consider the "nature and circumstances of the offense and the history and characteristics of the defendant," and "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." *Id.* § 3553(a)(1), (6).

"[T]he district court need only 'acknowledge' that it considered the § 3553(a) factors, and need *not* discuss each of these factors . . . ." *United States v. Amedeo*, 487 F.3d 823, 833 (11th Cir.

2007) (quotation and internal citation omitted). Importantly, the weight given to a particular § 3353(a) factor "is committed to the sound discretion of the district court," and it is not required to give "equal weight" to the § 3553(a) factors. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015) (quotation omitted). "We will not second guess the weight given to a § 3553(a) factor so long as the sentence is reasonable under the circumstances." *United States v. Butler*, 39 F. 4th 1349, 1355 (11th Cir. 2022).

A district court abuses its discretion when it (1) fails to consider relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment by balancing the proper factors unreasonably. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*). The burden rests on the party challenging the sentence to show "that the sentence is unreasonable in light of the entire record, the § 3553(a) factors, and the substantial deference afforded sentencing courts." *Rosales-Bruno*, 789 F.3d at 1254. We will "vacate the sentence if, but only if, we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Irey*, 612 F.3d at 1190 (*en banc*) (quotation omitted).

Acevedo failed to show that the district court abused its discretion in imposing a substantively unreasonable sentence. Although he quarrels with how the district court weighed the

relevant factors, the weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court. *Rosales-Bruno*, 789 F.3d at 1254 (quotation omitted). The district court explained that it considered the § 3553(a) factors, including Acevedo's lack of criminal history, but that a sentence at the low-end of the guidelines range was appropriate given the large amount of drugs involved. The district court was entitled to give more weight to the nature and circumstances of the offense over Acevedo's lack of criminal history and age. *See id.* at 1256. Acevedo has not shown that the district court weighed the sentencing factors unreasonably, "and we will not substitute our judgment in weighing the relevant factors." *Butler*, 39 F.4th at 1356 (quotation omitted).

Additionally, the record demonstrates that the district court considered the lower sentences of Acevedo's codefendants, but distinguished their sentences based on unique circumstances that were absent in Acevedo's case. For instance, unlike Acevedo, Alejandro entered into a plea agreement, and the government confirmed that Miguel was subject to a reduced sentence due to evidentiary issues the government had at his trial. Furthermore, other than showing that his codefendants were his brothers and that they received lower sentences, Acevedo presents no evidence that he and his codefendants had similar backgrounds or criminal histories. Thus, he failed to show that he was similarly situated to his codefendants. *See United States v. Johnson*, 980 F.3d 1364, 1386 (11th Cir. 2020) (rejecting disparity claim because "[d]efendant

ha[d] not carried his burden to show specific facts establishing that any codefendants are similarly situated").

Moreover, Acevedo's total 168-month sentence is within the applicable guidelines range and is below the statutory maximum of life imprisonment, which are both indicators of reasonableness. *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008) ("Although we do not automatically presume a sentence within the guidelines range is reasonable, we ordinarily expect [such a sentence] . . . to be reasonable." (alteration adopted and quotation omitted)); *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (explaining that a sentence that is below the statutory maximum is another indicator of reasonableness).  Accordingly, we conclude that his sentence is substantively reasonable.

**AFFIRMED.**